IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
08/08/2012

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| NEWELL COLQUITT and | ) | CASE NO. 11-80275-G3-7 |
| DANA COLQUITT, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Objection to Exemption of Undisclosed Insurance Claim" (Docket No. 24) filed by Janet S. Northrup, Trustee. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Newell Colquitt and Dana Colquitt ("Debtors") filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on May 19, 2011. Janet S. Northrup ("Trustee") is the Chapter 7 Trustee.

Dana Colquitt testified that Debtors suffered damage to their home when Hurricane Ike made landfall in September, 2008. She testified that Debtors made a claim on their insurance policy. She testified that the insurance claim was denied. She

testified that she contacted the Mostyn Law Firm to represent Debtors with what she believed was an "appeal" of the denial of coverage by the insurer.

Concurrently with the filing of the petition in the instant case, Debtors filed schedules and a statement of financial affairs. Debtors' schedules filed on May 19, 2011 did not list any insurance claims or pending lawsuits.

On July 18, 2011, Trustee filed a report indicating that there would be no distribution to creditors in the instant case. On September 22, 2011, a discharge and a final decree were entered. (Docket Nos. 13, 14).

Dana Colquitt testified that she was not aware that suit had been filed, when the instant bankruptcy petition was filed. She testified that the Mostyn Law Firm contacted her, after the lawsuit was filed, and notified her that they had reached a settlement with the insurer.

On April 11, 2012, Trustee moved to reopen the instant case, noting that Trustee had received notice from Debtors' counsel on April 4, 2012 that there was an undisclosed insurance claim. (Docket No. 17). Trustee's motion to reopen was granted, by order entered on April 27, 2012. (Docket No. 20).

On April 23, 2012, Debtors filed amended Schedules A and C, and an amended statement of financial affairs. In amended Schedule A, Debtors list as real property $126,000 in insurance

proceeds for damages to their home.[1]  In amended Schedule C, Debtors claim the $126,000 as exempt, pursuant to the exemptions provided under Texas law.  In the amended statement of financial affairs, Debtors disclose the pending lawsuit.  (Docket No. 18).

In the instant objection, Trustee objects to Debtors' exemptions of the insurance proceeds.  Debtors seek leave to amend their schedules to exempt the insurance proceeds, citing excusable neglect under Bankruptcy Rule 9006.

## Conclusions of Law

The parties do not dispute that, if the amendment is permitted, the insurance proceeds are exempt.[2]

Bankruptcy Rule 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006(b)(1), Fed. R. Bankr. P.

---

[1] Although the court ultimately agrees with the cases holding that the insurance proceeds are a substitute for the homestead, and thus protected under Texas law, the asset should have been scheduled under Schedule B, as personal property, rather than Schedule A, as real property.

[2] See also, In re Carlew, 469 B.R. 666 (Bankr. S.D. Tex. 2012) and cases cited therein.

3

The excusable neglect standard applies to a decision whether to permit amendment of schedules after reopening of a case to administer an unscheduled legal claim.  <u>In re Wilmoth</u>, 412 B.R. 791 (Bankr. E.D. Va. 2009).

The determination of what sort of neglect will be considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  <u>Pioneer Inv. Services Co. v. Brunswick Assoc. L.P.</u>, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In the instant case, Mrs. Colquitt's credible testimony is that she was unaware that the Mostyn Law Firm filed suit on her behalf when Debtors filed their initial schedules.  There is a great danger of prejudice to Debtors, because denying them the exemption of the insurance proceeds would deprive them of the full beneficial use of their homestead.  Debtors did not delay when they became aware of the asset, and quickly moved to notify Trustee.  The court concludes, based on the totality of the circumstances, that Debtors acted in good faith.  The court concludes that Debtors should be permitted to amend their schedules and statement of financial affairs to reflect exemption

of the insurance claim for damage to their homestead in Hurricane Ike.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 8, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE